

# ATTORNEY GENERAL OF TEXAS

### GREG ABBOTT

April 10, 2003

The Honorable Bruce Isaacks
Criminal District Attorney
Denton County
1450 East McKinney, Suite 3100
P.O. Box 2344
Denton, Texas 76202

Opinion No. GA-0059

Re: Proper disposition of funds generated by the county jail inmate telephone contract
(RQ-0629-JC)

Dear Mr. Isaacks:

You ask whether "revenues generated from the inmate telephone contract" may be used by the Denton County Commissioners Court for any legitimate county purpose or whether those revenues must be expended solely for the benefit of inmates of the Denton County Jail.[1]

Your question arises from a controversy between the Sheriff and the Commissioners Court of Denton County. The Sheriff believes that the revenues generated by the inmate telephone contract should properly be considered part of the commissary fund and used only to benefit inmates.[2] The Commissioners Court contends, by contrast, that the revenues belong to the county's general fund, and may be used for any legitimate county purpose.[3]

Section 351.0415 of the Local Government Code provides that a county sheriff "may operate, or contract with another person to operate, a commissary for the use of the prisoners committed to the county jail." TEX. LOC. GOV'T CODE ANN. § 351.0415(a) (Vernon Supp. 2003). The sheriff "has exclusive control of the commissary funds," id. § 351.0415(b), and "may use commissary proceeds only to" provide for the needs of county inmates, id. § 351.0415(c). Permissible uses include provision of educational and recreational programs, religious and rehabilitative counseling, clothing, writing materials, hygiene supplies, and the funding, staffing, and equipping of a library. See id. § 351.0415(c).

---

[1]Letter from Honorable Bruce Isaacks, Criminal District Attorney, Denton County, to Honorable John Cornyn, Texas Attorney General at 1 (Oct. 31, 2002) (on file with Opinion Committee) [hereinafter Request Letter].

[2]See Brief from Honorable Weldon Lucas, Denton County Sheriff, to Chair, Opinion Committee, Office of the Attorney General (Dec. 18, 2002) (on file with Opinion Committee) [hereinafter Sheriff's Brief].

[3]See Brief from Robert Schell, Assistant District Attorney, Denton County, to Honorable Greg Abbott, Texas Attorney General (Jan. 17, 2003) (on file with Opinion Committee).

In Attorney General Opinion DM-19 (1991), this office addressed the precise questions you present. That opinion noted that "section 351.0415 . . . codified . . . the conclusion in Attorney General Opinion MW-143 that proceeds from a jail commissary were to be devoted to the benefit of jail inmates." Tex. Att'y Gen. Op. No. DM-19 (1991) at 2. Opinion DM-19 also observed that section 351.0415 specifies that "a jail commissary is to be operated in accordance with rules adopted by the Commission on Jail Standards." *Id.* In those rules, "[t]elephone privileges and commissary privileges are treated as separate categories." *Id.* (citing 37 TEX. ADMIN. CODE § 291.1). On the basis that "the commission did not understand the term 'commissary' to include pay telephones," Attorney General Opinion DM-19 concluded that proceeds from pay telephones in county jails are not part of the commissary fund and should be paid to the county treasurer. *Id.* at 2-3.

The legislature has not amended section 351.0415 or enacted any other law that would change that conclusion. The rules of the Commission on Jail Standards ("the Commission") that distinguish between the "inmate telephone plan" and the "inmate commissary plan" are precisely the same as they were when Attorney General Opinion DM-19 was issued in 1991. The latter rule requires the inmate commissary plan to "provide that all expenditures from commissary proceeds be made in accordance with the Local Government Code, § 351.0415." 37 TEX. ADMIN. CODE § 291.3(5) (2002). The former rule makes no provision as to the disposition of proceeds from the "inmate telephone plan." *See id.* § 291.1. Furthermore, two subsequent attorney general opinions have followed DM-19. In Attorney General Letter Opinion 96-032, this office noted that, since 1976, the Commission "has had rules in force providing for the operation of jail commissaries, and, moreover, treating jail telephone services as distinct." Tex. Att'y Gen. LO-96-032, at 2. The opinion concluded that the Commission "is not authorized now to adopt a rule to include telephone service within the commissary services provided for in section 351.0415." *Id.* at 3. Likewise, in Attorney General Letter Opinion 97-030, this office concluded that, because the provision of telephone services to inmates does not fall within section 351.0415, "a sheriff has no contracting authority regarding the provision of telephone service to inmates." Tex. Att'y Gen. LO-97-030, at 4.

The Sheriff and the Commissioners Court disagree about the meaning of the following language in Letter Opinion 97-030, and have asked that we address the matter:

> We note that neither rule nor statute authorizes the county to profit from providing telephone services to inmates. Attorney General Opinion MW-143 decided that a jail commissary could be operated *at a profit if all profits are spent for the "benefit, education, and welfare"* of the jail inmates. . . . This conclusion was codified in section 351.0415 of the Local Government Code. . . . We believe that revenues generated by providing access to telephone service, as required by commission rule, should be treated in the same fashion, even in the absence of legislation dictating that result.

*Id.* at 6 (emphasis added) (citations omitted). The Sheriff suggests that this statement supports his position that the telephone contract revenues are part of the commissary fund. *See* Sheriff's Brief,

*supra* note 2, at 2.  However, the view articulated in Letter Opinion 97-030, that proceeds from the inmate telephone contract must be used solely for the benefit of inmates, is based on authorities that antedate the adoption of section 351.0415, and are thus no longer controlling.  *See, e.g.,* Tex. Att'y Gen. Op. Nos. MW-143 (1980) (sheriff may operate a commissary only if "all profits are spent for the benefit, education, and welfare of the jail inmates"), C-67 (1963) (operation of a profit-making commissary is not authorized, but the sheriff may make necessary supplies available at cost to the inmates).

Attorney General Opinion DM-19 (1991) concluded that the commissary fund and inmate telephone contract revenues are distinct, and that telephone contract revenues must be deposited in the county treasury.  Since the issuance of DM-19 in 1991, the legislature has not spoken to the matter.  As a result, proceeds generated from the inmate telephone contract in Denton County are county funds; they must be paid into the county treasury; and they may be used for any legitimate county purpose.  Attorney General Letter Opinion 97-030 is modified to the extent it conflicts with this opinion.

## S U M M A R Y

Revenues generated by the inmate telephone contract in Denton County constitute county funds. Such funds are to be paid into the county treasury and may be used for any legitimate county purpose. Attorney General Letter Opinion 97-030 is modified to the extent it conflicts with this opinion.

Very truly yours,

GREG ABBOTT
Attorney General of Texas

BARRY R. MCBEE
First Assistant Attorney General

DON R. WILLETT
Deputy Attorney General - Legal Counsel

NANCY S. FULLER
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General, Opinion Committee